MAXSON, Town Superintendent, v. GALE et al.

(Supreme Court, Appellate Division, Fourth Department. January 18, 1911.)

1. EMINENT DOMAIN (§ 168*)—INSTITUTION OF PROCEEDINGS—"TOWN SUPERINTENDENT OF HIGHWAYS"—DESIGNATION—"TOWN SUPERINTENDENT."

The terms "Town Superintendent" and "Town Superintendent of Highways" are used interchangeably under the highway law (Laws 1909, c. 30 [Consol. Laws, c. 25]).

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 457–460; Dec. Dig. § 168.*]

2. EMINENT DOMAIN (§ 197*)—DISMISSAL OF PROCEEDINGS—GROUNDS.

It is no ground for dismissing a condemnation proceeding brought by a town superintendent of highways, under Highway Law (Laws 1909, c. 30 [Consol. Laws, c. 25]) § 51, that the words "of Highways" are omitted in designating such officer, because, if they were essential, they could readily be supplied by amendment under Code Civ. Proc. §§ 723, 724, which sections are by section 3368 made applicable to condemnation proceedings.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 527; Dec. Dig. § 197.*]

3. EMINENT DOMAIN (§ 191*)—HIGHWAY IMPROVEMENTS—DESCRIPTION OF LAND.

A petition under Highway Law (Laws 1909, c. 30 [Consol. Laws, c. 25]) § 51, to condemn the right to remove gravel or stone from a pit or quarry for use in improving a highway, with right of way in making such removal, should describe by metes and bounds the pit or quarry itself, the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right of way, and any desired easement over adjoining land for storage purposes, etc.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 515, 516; Dec. Dig. § 191.*]

4. EMINENT DOMAIN (§ 197*)—HIGHWAY IMPROVEMENTS—PROCEEDINGS—DISMISSAL.

A petition under Highway Law (Laws 1909, c. 30 [Consol. Laws, c. 25]) § 51, to condemn the right to remove gravel or stone from a pit or quarry for use in improving a highway, will not be dismissed for failing to describe by metes and bounds the pit or quarry, and adjoining land over which an easement is desired, where the petition is made in good faith to comply with the statute; amendment being permissible under Code Civ. Proc. §§ 723, 724, which sections are by section 3368 made applicable to condemnation proceedings.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 527; Dec. Dig. § 197.*]

Appeal from Order Entered on Report of Referee.

Action by Jesse S. Maxson, Town Superintendent of the Town of Adams, N. Y., against Henry Gale and another. Judgment for defendants, and plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Fred B. Waite and Henry Purcell, for appellant.
Cobb & Cosgrove, for respondents.

WILLIAMS, J. The judgment should be reversed and the petitioner given leave to make an amended petition in compliance with the views expressed in this opinion, the defendants to make answer thereto if desired, and the proceeding thereupon should continue in accordance with the provisions of the condemnation law; no costs· of this appeal being allowed to either party.

The proceeding was brought under the provisions of section 51 of the· highway law (chapter 25, Consolidated Laws; chapter 30, Laws 1909), which became a law February 17, 1909. Article 4, commencing with section 40, is entitled "Town Superintendents—General Powers and Duties." Section 40 is entitled "Election of Town Superintendents of Highways," and in that section the official designation has the words in it, "of Highways." In all the sections following to the end of the title (section 81), the official is called merely the "Town Superintendent," the words "of Highways" being omitted. It must be assumed, therefore, that the Legislature intended the two official designations to be used interchangeably, either being correct, and the shorter form more easily written or spoken. No confusion or uncertainty can arise in any event, because there is no other official of the town with similar powers and duties. I call attention to this matter at the outset, inasmuch as the referee seemed to be perplexed over it, and it exercised considerable influence in leading to the decision he made dismissing the petition. It was no ground for such dismissal in any event because, if the words "of Highways" were essential, they could readily be supplied by amendment under Code Civ. Proc. §§ 723, 724, which are by section 3368 made applicable to proceedings under

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the general condemnation law. The proceedings here are under that law, as provided by section 3359.

There are important questions involved in the proceeding, however, which seem not to be well understood, and which should be considered and determined. The statute (section 51) is a new one, and it is not so clear what the form of the petition should be so far as describing the property desired to be condemned is concerned. The statute provides merely for a condemnation of "the right to take and use such gravel or stone and to remove the same from such bed, pit or quarry, for the purpose of grading, repairing or otherwise improving such highways, together with the right of way to and from such bed, pit or quarry, for the purpose of such removal." The title to no land inside or outside of the quarry is to be condemned—simply the right to take and remove the gravel or stone, and to use a right of way for such removal. The gravel and stone are a part of the real estate until removed, and therefore the condemnation is of real property, but only of such part of the land or quarry as is taken out and carried away. The petition followed the statute in stating that the petitioner desired "to obtain the condemnation of the right to take and use such stone and to remove the same from said quarry," and then located the quarry by specifically describing said lands by metes and bounds on which it was claimed the quarry was located (instead of locating the quarry itself by metes and bounds), and in so doing described considerable land entirely outside of the quarry as that on which the quarry was located, and apparently sought to condemn all the land so described. The petition should, of course, describe the quarry itself— that is, the land actually covered by the quarry from which the stone is to be taken—and it should describe the right of way, both by metes and bounds; but should it describe any lands outside the quarry and seek to condemn them, or any interest therein as necessary to be used in operating the quarry? It is said that blasting may be necessary for the removal of the stone, and some of the material may be thrown upon the adjoining lands, and some lands outside the quarry proper may be needed for the location of the machinery and temporary storage of the stone until it is drawn away. It would undoubtedly be necessary to use some land contiguous to the quarry for these purposes, and the right to so use it would be an easement which the petitioner should condemn. We think the easement should be described in the petition by inserting a description of the lands, by metes and bounds, an easement in which is desired to be condemned, in order that the defendants may know just the extent to which their land is to be used, when the damages are assessed and awarded. No such amount of land, however, as that described in the petition would be required, or should be described.

These views do not lead to a dismissal of the petition. The town is entitled under the statute to maintain the proceeding. It has attempted in good faith to comply with the statute in making its petition. The statute is of such recent passage that no decisions have been made under it, or at least have been reported. There is power to permit amendment of the petition to put it in proper form. Sections 723, 724, Code Civ. Proc., above referred to. All concur.